92 So.2d 916

**Dorothy P. WEISS, Superintendent, Alabama State Training School for Girls,**

**v.**

**Madeleine USSERY, Gladys Mohn.**

**6 Div. 72.**

Supreme Court of Alabama.

Feb. 21, 1957.

John Patterson, Atty. Gen., and Mary A. Lee, Asst. Atty. Gen., for appellant.

Beddow, Gwinn & Embry, Birmingham, for appellee.

GOODWYN, Justice.

On March 16, 1956, one A. C. Sprouse filed a petition in the juvenile court of Lamar County seeking to have Madeleine Ussery, a female child of the age of 13 years and a resident of Lamar County, declared a delinquent and adjudged a ward of the state. A similar petition was also filed in the same court on June 7, 1956, by Ray B. Hankins, a director of the department of pensions and security. Both petitions recite the following: That the place of residence of the child's father, Ralph Ussery, is unknown and that the child's mother, Gladys Ussery Mohn, resides at 1018 Third Avenue North, Moorhead, Minnesota; that Mrs. Emaline Sisson, who resides in Vernon, Lamar County, Alabama, is the grandmother of the child and has the child's "guardianship, custody, control and supervision." Both petitions pray that "summons issue to the said child and to the said Emaline Sisson requiring them to show cause why said child should not be adjudged a ward of the state".

It does not appear that any summons was actually issued either to the child or to Mrs. Sisson. However, Mrs. Sisson, under date of June 11, 1956, executed the following waiver and acceptance of service which was filed in the juvenile court on the same date, viz.:

"The State of Alabama, } In the Probate
Lamar County. } Court

"In the Matter of Madline Ussery, a Child Under Sixteen Years of Age:

"Comes Emaline Sisson and hereby accepts service of the petition in the above styled cause filed against her, and hereby waives her right to have the same served upon her by the sheriff of Lamar County, Alabama, or any other sheriff of the State of Alabama.

"That she voluntarily accepts service on the 11th day of June 1956.

"Emaline Sisson

"Witnesses,
"Harold Downing."

Nor does it appear that either of the child's parents was served with any notice of the proceeding.

On June 11, 1956, the child was adjudged a ward of the state and committed to the care and custody of the State Training School for Girls located in Jefferson County. The judgment is as follows:

"Judgment

"Date June 11, 1956. This cause coming to be heard and the said Madeline Ussery having failed to appear and the court having heard the evidence in the case and having considered the same, and it appearing to the court that the said Madeline Ussery is a delinquent and dependent child under the age of 18 years to-wit of the age of 13, and it further appearing to the court that the said Madeline Ussery is neglected and is in need of the care and protection of the state as charged in the petition and that it is to the best interest of the said Madeline Ussery that she be adjudged a ward of the State.

"It is therefore ordered, adjudged and decreed by the Court that the said Madeline Ussery be and she is hereby adjudged a ward of the State of Alabama; and it is further ordered, adjudged and decreed that Madeline Ussery be and is hereby committed to the care and custody of the State Training School for Girls.

"     S. G. Johnson      Judge"

On August 7, 1956, Mrs. Mohn sought release of the child from the school by filing in the probate court of Jefferson County a petition for the writ of habeas corpus to be issued and directed to Mrs. Dorothy P. Weiss, individually and as the school's superintendent. The writ was granted and in response thereto Mrs. Weiss made a return reciting that the child's detention was pursuant to the judgment of the juvenile court of Lamar County, above set out, and praying dismissal of the writ. On August 10, 1956, after a hearing, the judge of probate ordered that the child be "discharged to the custody of her mother, the petitioner in this cause, Gladys Mohn, and the respondent, Dorothy P. Weiss, is hereby ordered to release said minor Madeleine Ussery".

It is apparent from the comments of the judge that his order was based on the premise that the judgment of the juvenile court of Lamar County committing the child was void on its face because of the recital therein that the child was not present in court. In other words, the only question decided was whether the child was being illegally detained by respondent under a void judgment. Hence, we are not here concerned with the question of the proper person to have the custody of the child.

The answer to the problem before us is found, we think, in § 352, Tit. 13, Code 1940. This section is a part of Chap. 7, Tit. 13, which provides for the establishment of juvenile courts and the giving to such courts jurisdiction over dependent and neglected children under sixteen years of age. §§ 350–383, Tit. 13, Code 1940. Section 352 is by no means a paragon of clarity. However, a consideration of its provisions convinces us that the legislative purpose was to require that the child be personally present at the hearing in order to give the juvenile court jurisdiction to adjudge the child a ward of the state and order commitment. The portions of § 352 bearing on the question are as follows:

"* * * (2) Any person having knowledge or information that a child, residing in or who is actually within a county of this state, is within the provisions of this chapter, or subject to the jurisdiction of the juvenile court, may file with the court of said county a verified petition, setting forth the name, residence and age of the child, the name and residence of the parent or parents, if known to the petitioner, and the name and residence of the per-

son or persons having guardianship, custody, control, or supervision of such child, if such facts be known, or can be ascertained by the petitioner, or that such facts are unknown or cannot be ascertained, if that be the fact. * * * (3) Upon the filing of the petition with the juvenile court, or upon receipt of an order of transfer from any other court, as hereinafter provided, the judge or clerk or chief probation officer of the court shall forthwith, or after causing an examination to be made by an officer or other person, cause a summons to be issued, signed by the judge or clerk of said court, requiring the child to appear before the court, and requiring the parents, guardian, or the person having the custody, control or supervision of the child, or the person with whom the child may be found, to appear with the child, at such time and place as may be stated in the summons, to show cause why the child, should not be dealt with according to the provisions of this chapter. A failure of the parent, guardian or person having the custody or supervision of the child or the person with whom the child may be found, to appear before the court to show cause why the child should not be dealt with according to the provisions of this chapter shall not prevent the court from hearing the same. If after investigation is made, the chief probation officer is of the opinion that such cause is not a meritorious one, he may decline to ask the judge or clerk for a summons, and the court may upon his motion dismiss such petition, or order a summons issued as to the court may seem just. Said summons shall set forth the charges contained in said petition, or order of transfer. * * * (5) Service of such summons upon the child mentioned therein shall be made by the delivery to and leaving with the father or mother of such child, or with the parent with which such child is living, or with the person in whose custody the child may be, a true copy thereof and when the summons so directs, by taking said child into custody by the officers serving same. When the summons is directed to the child and to such child's father or mother, or both, service of one copy on either parent if they be living together shall be sufficient service on all of them, or on the child and the parent with which such child is living. When such child has no parent or custodian upon whom such summons can be served, the court shall appoint a guardian ad litem for said child, upon whom such summons must be served, unless such service be waived in writing by said guardian ad litem. Service of such summons on the person, or persons, mentioned therein, other than the child, if residents of this state, and their place of residence is known, shall be made by delivery to and leaving with such other person, or persons, a true copy thereof. In the event that such other person or persons are nonresidents of the state, and their place of residence is known, it shall be sufficient service to deposit in a United States postoffice in such county a true copy of such summons, in a postpaid, sealed envelope addressed to such person or persons, at such address or addresses; but such service shall not be held to have been perfected, nor shall such case be called for hearing until a reasonable time has elapsed from the time of the posting of such summons, unless with the consent of such other person or persons, which consent may be shown by letter, telegraph, telephone, or in any other way satisfactory to the court. In the event that the names of the parent or parents, guardian, or those legally entitled to the custody of such child cannot be ascertained; or if their names being known their place or places of residence cannot be ascertained; or if for any other cause they cannot be found, or if for any other reason it shall appear that service of such sum-

mons cannot be had on such persons, as provided above—this being a proceeding on the part of the state to protect and care for such children—no service of a summons shall be necessary in such cases to give the court jurisdiction thereof. In the event that no service of summons is had for the reason set out above, it shall be the duty of the judge of such court, hearing such cases, to satisfy himself that diligent effort has been made to ascertain the names and places of residence of the parent, parents, guardian or person or persons legally entitled to the custody of such children, before hearing such cases; and such judge may in any event order service by publication, as in other equity cases if in his opinion the cause of justice require, in which case, if there be no other means of meeting such expense, same shall be paid by the county in which such proceedings are had. (6) If the child mentioned in the summons be present in court at the time of the hearing, no summons to said child shall be necessary to give the court jurisdiction of such child. When the person named in the summons other than the child is present in court at the hearing, and for any of the reasons set out above has not been served with a copy of the summons, or when said child is in court, by reason of the violation of any law, federal, state, or municipal, service of the summons upon such other person named in the summons shall not be necessary to give the court jurisdiction; but if such other person be not present in court, and if for any of the reasons set out above has not been served with the summons, the court must appoint a probation officer, or some other discreet person, to act as guardian ad litem, to represent the interests of such child, and such guardian ad litem shall be present at the hearing of said case to represent said child. * * * "

Without considering any other reason why the child's presence might be said to be necessary, we think the provisions of § 352, supra, reasonably construed, require the child's presence at the hearing. Nowhere in the section is there any provision that the child's personal presence is not required. On the other hand there is clear implication in subsec. (3) that the child *must* appear before the court. The requirement is that a summons be issued *"requiring the child to appear before the court"* and that the parent, guardian or person having the custody, control or supervision of the child, or with whom the child may be found, *"appear with the child, at such time and place as may be stated in the summons"*. It is then provided that failure of the parent, guardian or custodian to appear before the court to show cause why the child should not be dealt with "shall not prevent the court from hearing the same". But there is no such provision respecting the absence of the child. Subsection (5) deals with service of the summons and contains nothing to detract from the clear legislative purpose expressed in subsection (3). Subsection (6) merely provides for a waiver of service of summons on the child if the child "be present in court at the time of the hearing". Obviously, the limited purpose of this provision is to make it unnecessary that service be made on the child, in the manner required by subsection (5), if the child is personally present at the hearing.

In the instant case the judgment of the juvenile court shows on its face that the child was not present at the hearing. In this situation the court was without authority to adjudge her a ward of the state and commit her to the care and custody of the State Training School for Girls. The judgment being void on its face, the order of the probate judge of Jefferson County directing appellant to release the child is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.