111 So.2d 14

Gladys POWER

v.

J. S. SNODDY, as Director, etc.

3 Div. 816.

Supreme Court of Alabama.

April 9, 1959.

K. C. Edwards, Birmingham, for appellant.

John Patterson, Atty. Gen., and Alvin T. Prestwood, Asst. Atty. Gen., for appellee.

GOODWYN, Justice.

This is an appeal from a final decree of the circuit court of Montgomery County, in equity, in a habeas corpus proceeding involving the custody of appellant's two minor children under sixteen years of age.

On May 31, 1956, the Juvenile and Domestic Relations Court of Jefferson County, Alabama, after a hearing on a verified petition filed by Mrs. Edna Jo Terrell, wife of the children's paternal uncle, rendered a decree committing the children "to the Alabama State Department of Pensions and Security for permanent placement." The decree provides as follows:

"This cause coming on to be heard on petition, the State of Alabama, the Petitioner and the paternal uncle, T. C. Terrell, being represented by Hon. K. C. Edwards, and the father, Dennis Power, otherwise known as Dennis Terrell, or Dennis O'Connell, and the paternal grandmother, Mrs. Mary Janette Terrell, being represented by Hon. G. Ernest Jones, Jr.; the Court having heard the sworn testimony and having considered it and all of the affi-

davits and Welfare reports admitted in evidence and having considered carefully the petition of Mrs. Mary Janette Terrell to intervene, and the petition of the father for custody, and the Court having heard oral arguments, it is therefore Ordered, Adjudged and Decreed by the Court; That the said two minor children are in need of the care and protection of this Court, as alleged in the original petition filed herein; That the said children are hereby made wards of this Court; That it is for the said children's best interests that permanent plans be made for them; said Richard Ardell Power and Michael Edward Power are therefore committed to the Alabama State Department of Pensions and Security for permanent placement."

An appeal from said decree was taken to the Circuit Court of Jefferson County, in equity, and was there styled as follows: Dennis F. Power and Mary Janette Terrell, complainants, v. Alabama State Department of Pensions and Security, Case No. 102–651. On September 19, 1956, the equity court rendered the following decree:

"This is a custody case on appeal from the Juvenile and Domestic Relations Court of Jefferson County. It involves two minor white, male children, Michael Edward Power, age seven years and Richard Ardell Power, age four years. They are the children of Dennis F. and Gladys Power, and the grand children of Mrs. Janette Power Terrell.

"The appeal hearing was first set for August 20, 1956. On that day attorney for petitioners, Hon. Manly A. Watson of Chattanooga, Tennessee, called the Court by telephone urging a continuance. October 16 was then suggested, but it later developed that this was an impracticable date and the Court, upon recanvassing the docket, and notifying all Solicitors well in advance, set the matter finally for September 12, 1956.

"Mrs. Janette Terrell, the grandmother, after the appeal, withdrew as a party and dismissed G. Ernest Jones, Esq., as her Solicitor. But on August 19, 1956, (the day before the case was to be heard) she employed Attorney Watson of Chattanooga, who upon trial presented oral motion that Mrs. Janette Terrell, though absent, be reinstated as a petitioner. (Neither was the other Petitioner, Dennis F. Power, present.)

"The motion was granted.

"At the close of the taking of testimony, Hon. K. C. Edwards and Hon. Rufus E. Elliott, for respondent, and Solicitor for Petitioners agreed and stipulated that the complete file in the hands of Mrs. Ann Parker and respondent be made a part of the record.

"Among other things this shows:

"(a.) That when Michael Edward, oldest of the two minors, was born in Statesville, North Carolina, November 3, 1949, his parents left him in the hospital unclaimed for more than four months;

"(b.) That in 1950 he was boarded in Baltimore, Maryland, and there abandoned for 'several months';

"(c.) That in 1951 he was left in a boarding home in Port Arthur, Texas;

"(d.) That in 1952 he was abandoned in Orlando, Florida, in the home of his maternal grandmother;

"(e.) That soon after the birth of the other child, Richard Ardell, January 21, 1953, in Greenville, South Carolina, he was abandoned in the home of friends of the parents for four months;

"(f.) That in 1954 the mother, Gladys Power, abandoned the father and both children and ran away with 'another man';

"(g.) That later in 1954 both children were boarded in Nashville, Tennessee, and next in Owensville, Kentucky, and there abandoned by the fa-

ther who later moved them to Evansville, Indiana and abandoned both children there;

"(h.) That in 1954 the mother regained custody when she took the children to Michigan, and then to Milwaukee, Wisconsin, where they were placed in the boarding home of Mrs. Borguson; that while the case was pending in the Juvenile Court the mother wrote a letter that she did not desire custody of the children;

"(i.) That in the meantime, the father was in jail, charged with larceny, in Evansville, Indiana;

"(j.) That Mrs. Borguson, after several months with [sic] receiving any compensation from either parent turned the children over to the Welfare Department in Milwaukee and they were there put in an orphanage;

"(k.) That while the father was in jail in Evansville, the mother went to California where she gave birth to another child;

"(l.) That in August 1955 Mr. T. C. Terrell, the father's brother, went from his home in Birmingham to Evansville, Indiana, secured the release of Dennis F. Power, father of the children, and brought father and children to the Terrell home where they remained till November 1955 when the father disappeared;

"(m.) That thereupon the Terrell family turned the children over to the Alabama Department of Pensions and Security. There they have since remained. That from November 1955 to February 1956, the Department sought without avail to locate the parents or either of them.

"The record shows that on February 28, 1956, Mrs. T. C. Terrell (Mrs. Edna Jo) filed petition in the Juvenile and Domestic Relations Court of Jefferson County, Alabama, alleging that:

"'Said children are dependent or neglected by their parents * * *'

and asking the Court 'to commit the said children to the Department of Pensions and Security for temporary placement * * *'

"May 31, 1956 the order of that Court provided: 'That said Richard Ardell Power and Michael Edward Power are therefore committed to the Alabama State Department of Pensions and Security for permanent placement.'

"Upon consideration of the pleadings and proof, the Court is of the opinion that the following order should be made. It is, therefore,

"Ordered, Adjudged and Decreed:

"1. That the care, custody and control (pending placement) of the two minor children herein is hereby awarded to the Alabama State Department of Pensions and Security.

"2. The court costs accrued herein are hereby taxed against Dennis F. Power and Mrs. Janette Terrell, for which let execution issue."

On October 4, 1956, the equity court overruled the motion for a new trial filed by Dennis F. Power, father of the children.

It does not appear, from the record before us, that any further action, by appeal or otherwise, has been taken with respect to the decrees of September 19 and October 4, 1956, except the instant habeas corpus proceeding.

On July 6, 1957, the appellant, Gladys Power, the children's mother, filed the instant proceeding in the Circuit Court of Montgomery County, in equity, praying that a writ of habeas corpus be issued and directed to S. Sam Snoddy, as director of the State Department of Pensions and Security for the State of Alabama, "commanding him to bring the bodies" of said children before the court, "together with the cause of the detention" of the children, and further praying "that the custody of said minor children be placed in your petitioner and her husband, the parents of said minor children."

The writ was granted and the respondent made return and answer thereto. Evidence was then taken orally before the trial judge and thereafter, on August 26, 1957, a decree was rendered providing that the children "shall remain with the Department of Pensions and Security and subject to adoption by the parties who now have their temporary custody." This appeal is from that decree.

The mother's petition alleges, as the basis for relief the following:

" * * * [T]hat the decree of the Juvenile and Domestic Relations Court of Jefferson County, Alabama, dated May 31, 1956, and the decree of the Circuit Court of the Tenth Judicial Circuit of Alabama of the date of September 19, 1956, are without authority of law, illegal, and unconstitutional, in that the said Juvenile Court and Circuit Court have no legal power to place the said minor children of your petitioner with the State Department of Pensions and Security; that the said Juvenile and Domestic Relations Court and the said Circuit Court was without jurisdiction to award legal custody of the said minor children of your petitioner to the State Department of Pensions and Security without her consent and without judicial process having been served upon her; that your petitioner received no legal notice or other process of either said proceeding; that your petitioner is and will be deprived of her constitutional and legal rights in the visitation and interest and contact with her said minor children; that your petitioner by said decrees has been deprived of her day in court, and said decrees are in violation of her constitutional right in that any adoption of said minor children would be without due process of law; that no appeal is now pending from said decrees; that it is to the best interest and welfare of the said Michael Edward Power and Richard Ardell Power that their custody be given and awarded to your peti-

tioner and her husband, Dennis Power, the parents of said children;

"That your petitioner and the said Dennis Power have re-established their home and are now in every respect capable, fit and proper persons to have the care, custody, and control of their two said minor children; your petitioner further avers that she has at no time abandoned, neglected, or otherwise failed to care for said minor children."

Appellee's return and answer to the writ contains the following averments, among others, viz.:

"That respondent denies that the decrees heretofore rendered in this cause are illegal and unconstitutional, but to the contrary alleges that said decrees are in every respect valid, legal and constitutional.

"That the Juvenile and Domestic Relations Court of Jefferson County and the Circuit Court of the 10th Judicial Circuit had jurisdiction in the cause before them without regard to whether or not petitioner received legal notice of the proceedings, because petitioner's address was unknown and petitioner had abandoned the minor children involved in the proceedings; that petitioner failed to appear and object to the jurisdiction of the court within the time prescribed by law.

*    *    *    *    *    *

"That respondent denies that it is to the best interest and welfare of the said Michael Edward Power and Richard Ardell Power that their custody be awarded to the petitioner and her husband; but respondent avers that granting the custody to said petitioner and her husband would greatly endanger the health and welfare of said minor children.

"That respondent denies that petitioner and her husband, Dennis Power, are fit and proper persons to have the care, custody and control of the two said minor children; and that respond-

ent denies the allegation that petitioner has at no•time abandoned, neglected, or otherwise failed to care for said minor children; but respondent avers that petitioner and her husband have continually abandoned and neglected said children and that said petitioner and said Dennis Power are not morally fit persons to have the custody of said minor children."

Appellant, in her brief, states the questions for decision to be as follows:

"The present suit having been begun by the filing of a Petition for a Writ of Habeas Corpus in the Circuit Court of Montgomery County, Alabama, therefore, the sole question involved would seem to be whether or not the decree of the Circuit Court of Jefferson County, Alabama, under date of September 19, 1956, which affirmed a decree of the Juvenile and Domestic Relations Court of Jefferson County, Alabama, dated May 31, 1956, is valid.

"The validity of said decrees in turn is dependent upon whether or not the Circuit Court of Jefferson County, Alabama, and the Juvenile and Domestic Relations Court substantially complied with *Title 62, Sections 310–330 inclusive, Code of Alabama of 1940.*

"The Appellant contends that both the Juvenile and Domestic Relations Court and the Circuit Court of Jefferson County failed to comply with said Sections of the Code of Alabama in the following respects:

"*First:* Both the said Juvenile and Domestic Relations Court and the Circuit Court failed to give notice to either of the parents of the minor children involved in this suit and rendered a decree ousting them from the custody of their parents without notice to the parents and an opportunity on their part to be heard.

"*Second:* The Juvenile and Domestic Relations Court and the Circuit Court failed to appoint a guardian ad litem upon whom a summons could be served, where it appeared that no service of summons had been had upon either a custodian, guardian, or parent of the alleged neglected, dependent, or abandoned minor children.

"*Third:* Both the Juvenile and Domestic Relations Court and the Circuit Court entered a decree awarding the custody of the two alleged neglected, dependent, or abandoned children to the State Department of Pensions and Security without service of any notice of the proceedings upon either parent, and entered said decree in the absence of both parents and the affected children."

It appears to be appellant's position that the decrees of the Juvenile and Domestic Relations Court and the Circuit Court of Jefferson County are invalid because neither she nor her husband was given notice of the proceedings, because neither child was personally present in court during the proceedings, and because a guardian ad litem was not appointed to represent the children. In support of this appellant relies on § 315, Tit. 62, Code 1940, § 9 of Act No. 636, appvd. Sept. 6, 1927, Gen.Acts 1927, p. 727. (Section 315 was amended by Act No. 504, appvd. Sept. 10, 1957, by adding thereto the following sentence: "The presence of the child in court, however, shall not be necessary to confer jurisdiction of such child on the court when service of summons is had upon the child." This amendment, however, has no bearing on this case since it became effective after the proceedings in the Jefferson County courts.) Section 315 is a part of Subdiv. 12 of Art. 18, Tit. 62, Code 1940, providing for a Juvenile Court in and for Jefferson County (Act No. 636, supra). We will consider appellant's insistence as though the provisions of § 315 were applicable in the Circuit Court of Jefferson County. We make it clear, however, that we are not holding that such provisions had application there.

Section 315, Tit. 62 (§ 9 of Act No. 636, supra), contains the following pertinent provisions:

· "Service of summons upon the child mentioned therein shall be made by delivery to and leaving with the father or mother of such child, or with the person with whom such child is living, or with the person in whose custody the child may be, a true copy thereof. * * * When the summons is directed to the child and to such child's father or mother, or both, service of one copy on either parent, if they be living together, shall be sufficient · service on both · parents and child, or on the child and the parent with which such child is living. When such child has no custodian, or no parent or custodian upon whom such summons can be served, the court shall appoint a guardian ad litem for said child upon whom such summons must be served, unless such service be waived in writing by such guardian ad litem. Service of such summons on the person, or persons, mentioned therein, other than the child, if residents of this state, and their place of residence is known, shall be made, except as is herein otherwise provided, by delivering to and leaving with such other person, or persons, a true copy thereof. * * * In the event that the names of the parent, or parents, guardian, or those legally entitled to the custody of such child cannot be ascertained; or if their names being known, their place or places of residence cannot be ascertained; or if for any other cause they cannot be found, or if for any other reason it shall appear that service of such summons cannot be had on such persons, as provided above—this being a proceeding on the part of the state to protect and care for such children— no service of a summons shall be necessary in such cases to give the court jurisdiction thereof. In the event that no service of summons is had for the reason set out above, it shall be the duty of the judge of such court hearing such cases to satisfy himself that diligent effort has been made to ascertain the names and places of residence of the parent, parents, guardian, or person, or persons, legally entitled to the custody of such children, before hearing such case, and such judge may in any event order service by publication, as in other chancery cases if in his opinion the cause of justice require, in which case, if there be no other means of meeting such expense, same shall be paid by the county in which such proceedings are had. If the child mentioned in the summons be present in court at the time of the hearing, no summons to said child shall be necessary to give the court jurisdiction of such child. When the person named in the summons other than the child is present in court at the hearing, or for any of the reasons set out above has not been served with a copy of the summons, or when said child is in court, by reason of the violation of any law, federal, state, or municipal, service of a summons upon such other person named in the summons shall not be necessary to give the court jurisdiction; but if such other person be not present in court, and if for any of the reasons set out above has not been served with a summons, the court must appoint a probation officer, or some other discreet person, to act as guardian ad litem to represent the interest of such child, and such guardian ad litem shall be present at the hearing of said case to represent said child. * * * Should any person, who by reason of not having had any legal notice of such proceeding, have a legal right to be heard in such cause, such person must assert such right by filing a petition in such cause setting out such right, and asking to be heard thereon, within ninety days from the rendition of the decree adjudging such

child a dependent, neglected, or delinquent child, and such right if any there be, shall or must be so asserted and within such time, or same shall be barred."

■ It is apparent, as argued by appellee, that if § 315 entitled appellant to the claimed notice, the same section operates to bar her from questioning the courts' jurisdiction on that ground. As already noted, the decree of the Juvenile and Domestic Relations Court was rendered on May 31, 1956, and the decree of the Circuit Court of Jefferson County was rendered on September 19, 1956, and no action was taken by appellant or her husband in said proceeding within 90 days from the rendition of either of said decrees, as provided in § 315.

Appellant relies on the case of Weiss v. Ussery, 265 Ala. 510, 92 So.2d 916, in support of her insistence that neither the Juvenile and Domestic Relations Court nor the Circuit Court of Jefferson County had jurisdiction of the proceeding because the children were not personally present in said courts. In that case the decree of the Juvenile Court showed on its face that the child was not present at the hearing. In the case now before us neither decree contains any such recital.

■ The decree of the Juvenile and Domestic Relations Court shows that the father of the children was represented by counsel in the proceedings in that court and the decree of the Circuit Court shows that the father was one of the parties taking the appeal to that court. In such situation (assuming, without deciding, that § 315 of Tit. 62 had application in the Circuit Court) there was no necessity of appointing "a probation officer, or some other discreet person, to act as guardian ad litem to represent the interest" of the children.

■ We observe that the habeas corpus proceeding in the Circuit Court of Montgomery is a collateral attack on the decree of the Circuit Court of Jefferson County. We find nothing in the record before us disclosing a lack of jurisdiction in that court.

In essence, the hearing before the Montgomery Circuit Court was confined to the question whether it would be to the best interest of the children to give their custody to their parents. No question is before us as to the authority of the Montgomery Court to determine that issue.

The decree appealed from is due to be affirmed.

Affirmed

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.